IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50001
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FREDDY DEUSENBERRY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-523-ALL-DB
--------------------

July 12, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Freddy Deusenberry argues that his conviction should be
reversed and he is entitled to a new trial because the district
court erred in not permitting his to impeach the character of an
out-of-court declarant because hearsay statements of the
declarant had been admitted into evidence at trial.  Deusenberry
argues the impeachment evidence was admissible under Fed. R.
Evid. 806.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Deusenberry did not seek to have impeachment evidence admitted pursuant to Rule 806 in the district court. Therefore, this issue is subject to plain error review. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). The record reflects that the Government did not offer any statements of an out-of-court declarant at trial. Further, Deusenberry's counsel deliberately attempted to elicit statements of the declarant on cross-examination of the Government's witness. Deusenberry is not entitled to impeach statements that he deliberately elicited at trial. See United States v. Raymer, 876 F.2d 383, 388 (5th Cir. 1989). The district court did not commit error, plain or otherwise, in excluding the impeachment evidence.

Deusenberry argues that the district court erred in admitting evidence based on unauthenticated agency records. The records, if properly authenticated, would have been admissible as public records pursuant to Fed. R. Evid. 803. See Fed. R. Evid. 803(8); United States v. Puente, 826 F.2d 1415, 1417-18 (5th Cir. 1987). Further, the records were not prejudicial because they corroborated Deusenberry's testimony at trial that he crossed the border only once on the day in question. Any error was harmless. See Fed. R. Crim. P. 52(a).

Deusenberry argues that the prosecutor deprived him of a fair trial by eliciting testimony in the jury's presence about Deusenberry's sexual preference. The district court sustained defense counsel's objection to this remark, and the jury was instructed not to consider questions to which an objection had been sustained. There was no further reference to Deusenberry's

sexual preference at trial or during closing arguments.  In light of the other overwhelming evidence of Deusenberry's guilt presented at trial, the admission of this isolated, unsolicited remark was harmless error.  See <u>United States v. Espinosa-Cerpa</u>, 630 F.2d 328, 335 (5th Cir. 1980).

AFFIRMED.